GARDNER v. HOLLAND.

1. TRUST FOR GRANTOR—ADVERSE POSSESSION.—A debtor conveyed her farm and the personalty thereon to S., in 1866, in trust to permit grantor to remain seized and possessed during her lifetime, and then to convey to the

wife of S. in fee, the trustee and his wife to remove to the farm and live with grantor, manage the property, and support them all out of its rents, issues, and profits. In 1889, the trustee and his wife, with the consent of the grantor, conveyed the land to the defendant on a nominal consideration, and shortly thereafter the original grantor died insolvent. In 1891, a surety for this debtor, who had been compelled to pay the debt in 1889, brought action to set these deeds aside as fraudulent. *Held*, that under the trust deed the grantor had title and possession for life, and there was no possession adverse to her creditors, and no adverse possession in defendant except for two years. Therefore, plaintiff was entitled to the relief demanded.

Before HUDSON, J., Kershaw, September, 1893.

Action by Joseph S. Gardner against Margaret J. Holland and Isaac F. Holland, commenced May 8, 1891. The appeal came to this court on the following exceptions:

I. Because his honor erred in holding that the deed of Mary Holland to B. D. Turner and Sarah Turner was not a voluntary conveyance, and, under the circumstances, a fraud upon the creditors of Mary Holland. II. Because his honor erred in holding that the mere record of the deed of Mary Holland to B. D. Turner and Sarah Turner was such notice to the plaintiff as to have required him to institute proceedings to set it aside. III. Because his honor erred in not holding that, in this case, the right of action did not accrue to the plaintiff, J. S. Gardner, until the judgment had been paid by him, and then only after the return of *nulla bona*, or other satisfactory evidence that his principal, Mary Holland, the grantor, did not have in her own name property out of which the same could be recovered. IV. Because his honor erred in holding that it was the duty of the plaintiff to have required his principal, Mary Holland, to pay the debt, or to have paid it himself, and then instituted proceedings to set aside the said deed, if he would save himself from the bar of the statute of limitations. V. Because his honor erred in not holding that B. D. Turner and Sarah Turner knew, at the time of the execution of the deed to them by Mary Holland, of her indebtedness to the estate of James Holland, and that such knowledge made them privy to the fraud perpetrated upon her creditors by the conveyance of

all her property to them. VI. Because his honor erred in not
holding that B. D. Turner and Sarah Turner held the property
in trust for Mary Holland, that they never regarded it as their
own, and conveyed it to Margaret Holland without considera-
tion, upon being requested so to do by Mary Holland. VII.
Because his honor erred in not holding that Margaret J. Hol-
land paid nothing for the land, although the deed to her from
B. D. Turner and Sarah Turner recites a consideration of $250,
and such conveyance was purely voluntary as to her. VIII.
Because his honor erred in not holding that the transaction
between B. D. Turner and Sarah Turner and Margaret J. Hol-
land, the same having been conducted by Isaac F. Holland,
her husband, acting as her agent, the latter was bound by his
acts in taking the voluntary deed from Turner and wife. IX.
Because his honor erred in not holding that, although the con-
veyance from Mary Holland to Turner and wife may have been
made in good faith at the time of its execution, the subsequent
holding of the property embraced therein by them for the benefit
of Mary Holland and to the prejudice of her creditors, and con-
veyance thereof at her request without consideration to de-
fendant, Margaret J. Holland, who had the care and support
of Mary Holland until her death, rendered both deeds of con-
veyance fraudulent as to creditors. X. Because neither Tur-
ner and wife nor Margaret J. Holland can, under the facts of
this case, in equity, set up the claim of purchaser for valuable
consideration without notice.

The respondents ask the court, if they find themselve unable
to sustain the judgment upon the grounds stated by the Circuit
Judge, that they will sustain said judgment upon the ground
that the plaintiff's action is clearly barred by the great lapse
of time from the execution and recording of the deed of Mary
Holland to B. D. Turner, and the presumption arising there-
from.

*Messrs. J. D. Kennedy* and *W. D. Trantham,* for appellant.

*Mr. J. T. Hay,* contra.

July 26, 1894. The opinion of the court was delivered by

Mr. Justice POPE.   In the fall of 1862, Mary Holland made and delivered to Elisha Holland, as the administrator of the estate of her father, John Holland, deceased, her note, with the plaintiff, Joseph S. Gardner, and James Holland as her sureties. At this time she was the owner of a tract of land in Kershaw County, containing 250 acres, besides the usual personal property necessary to conduct a farm.   After the war, on the first day of December, 1866, she made a conveyance by deed of her lands and personal property, to one Benjamin D. Turner, and Sarah, his wife. (We will have occasion to reproduce this deed hereinafter.)   This deed was promptly put upon record in the proper office.   On the 15th of January, 1869, the said Elisha Holland, as administrator, recovered judgment in the Court of Common Pleas for Kershaw County, against the said Mary Holland and her two sureties, Joseph S. Gardner and James Holland, for the sum of $93.18 and costs, on the note executed in the fall of 1862.   In 1867, Benjamin D. Turner and Sarah, his wife, removed to and lived upon the 250 acres of land with Miss Mary Holland, and the parties so lived for about eleven years, after which time, Benjamin D. Turner and his wife removed to their own lands, some half mile distant from the said Mary Holland's place, but with an occasional absence, Mary Holland still resided upon her 250 acres of land.   In 1883, Elisha Holland died, and the defendant, Isaac F. Holland, procured himself to be duly appointed administrator *de bonis non* of the estate of John Holland, deceased.   In 1888, the said Isaac, as such administrator *de bonis non*, set on foot process in the Court of Common Pleas for Kershaw, to renew the judgment for $93.18 and costs, and this action ripened into judgment on the 14th of February, 1889.   The sheriff was directed to make the money, and finding no property of the said Mary Holland and the said James Holland, he levied upon the property of Joseph S. Gardner, who promptly (April 16, 1889,) paid the sheriff $260.28, in full payment of debt, interest, and costs of $93.18 judgment.

*Four* days after the renewal of the judgment, the said Isaac F. Holland (who was the administrator *de bonis non*, and who was pressing the collection of the debt in judgment against his

aunt, Mary Holland, and her sureties, but with an eye single to having the surety, Joseph S. Gardner, pay the same,) procured Benjamin D. Turner and Sarah, his wife, to convey the land, 250 acres, and the personal property named in Mary Holland's deed, executed in 1866, to his (Isaac's) wife, at a nominal consideration of $250, but paying no part thereof. Mary Holland lived about nine months afterwards, and then died. On the 8th day of May, 1891, Joseph S. Gardner brought his action to set aside these deeds as fraudulent. To this action Mrs. Holland and her husband answered, admitting possession of the land under the Turner deed, but alleged that it was executed for a valuable consideration, *bona fide* made, and without any notice to her of any of the frauds alleged. Then, also, that Turner, her grantor, had held title "for twenty years *before* the accrual of any right of action in the plaintiff," and that in law it would be presumed, from that lapse of time, that such conveyance of Mary Holland was for full value, and without any intention to hinder, delay, and defeat the creditors of Mary Holland, all of which presumptions accrue to the said Margaret J. Holland, as the grantee for value of the said Benjamin D. Turner. Then the answer sets up that more than ten years have elapsed since the accrual of any right of action to the plaintiff, and before the conveyance of the lands by Benjamin D. Turner to Margaret J. Holland, during which time Benjamin D. Turner held the lands adversely to the judgment through which plaintiff claims; and that plaintiff's action is, therefore, barred by the statute of limitations. Lastly, in the answer, the said Isaac F. Holland disclaims any connection with the possession or ownership of the lands, and that he is in no way connected or concerned in the matters alleged in the complaint.

By an order, it was referred to W. M. Shannon, Esq., to take the testimony and report upon the issues of law and fact. The plaintiff fully proved his allegations. The defendants offered no testimony, and the special master found all the facts in favor of the plaintiff, and as his conclusion of law, that both deeds were fraudulent; and he, therefore, recommended that the deeds be annulled and the lands sold to pay plaintiff's claim. On exceptions to this report, Judge Hudson by his decree reversed

the special master, and held that the deed from Mary Holland to B. D. Turner was not a mere voluntary deed, but was based upon a valuable consideration; that if the deed was fraudulent in its inception, it was placed upon record and was notice to the world; that this deed was of record in 1869, when the judgment was obtained, and was notice to the plaintiff of everything of a fraudulent nature connected therewith, if there be any fraud; that the plaintiff should then have required Mary Holland to pay the debt or have paid it himself, and then instituted an action similar to the present action; that instead of doing so, he has waited twenty-six years; that B. D. Turner had held the land, under his deed from Mary Holland, for nearly twenty-three years, when he conveyed to the defendant; and that the plaintiff is now barred by the lapse of time and statutes of limitations from bringing and maintaining this action. From this decree the plaintiff now appeals to this court on ten grounds, that will appear in the report of the case.

It seems to us that the Circuit Judge erred in applying the legal principles announced in his decree to the facts of this case, and having reached that conclusion, we will now endeavor to unfold the case as it impesses us. In our judgment, the terms of the deed from Mary Holland to Benjamin D. Turner, made in December, 1866, and at that time promptly placed upon record, furnish the means for plaintiff's relief. Let us now reproduce that deed:

"Know all men by these presents, that I, Mary Holland, of Kershaw County, and State of South Carolina, for and in consideration of the natural love and affection I have and bear for my younger sister, Sarah Turner, and also five dollars to me in hand paid at and before the sealing and delivery of these presents, and also in consideration that I have induced the said Benjamin D. Turner and wife to break up house-keeping and farming at their own place, and to remove to and take charge of my place and farming business, both for the better management of the same and for my comfort and protection, and do by these presents grant, bargain, sell, and release, unto the said Benjamin D. Turner, all that tract of land whereon I now reside, conveyed to me by my father, John Holland, by deed, being the premises whereon he resided at the time of his death, containing two hundred and fifty acres, be the same more or less, in Kershaw County, on waters of Husband Swamp, Scapewhore Creek; and also have sold and delivered, and hereby do

sell and deliver, unto him, all the stock of cattle, hogs, etc., now on the place, and their increase, and also all the plantation tools and utensils. Together with all and singular the premises, rights, members and appurtenances that belong to said premises, or are anywise pertaining thereto. To have and to hold the said real estate and appurtenances and the said personal property to him, the said Benjamin D. Turner, his heirs and assigns, forever—*upon this special trust and confidence that he, the said Benjamin D. Turner, shall allow me to remain seized and possessed of the said real estate, and in possession of said personalty for and during the term of my natural life and no longer*, and at and immediately upon my death shall by proper deed convey the said real estate and personalty in fee simple to the said Sarah Turner, to her heirs and assigns, forever. It is further agreed and stipulated that the said Benjamin D. Turner and wife, Sarah, are to come and live with me, and he, the said Benjamin D. Turner, is to take charge of and conduct the farming operations, take charge of the stock, utensels, etc., and to receive the rents, issues, and profits thereof, to be devoted to the maintenance and support of the common family, composed of his family and myself, with such reasonable extra allowance to myself as I may need and demand, consistent with my interest in the place, and he is not to be accountable any further whatever than I may in my lifetime demand.''

It is true, that under our registry laws where recording is necessary and it is made, it is notice. But of what is it notice? Nothing more than of the contents of the paper recorded. When, therefore, in the year 1866 (December), this deed, of which the foregoing is a copy, was placed upon record in Kershaw County, it gave to all notice of its contents. The law, in effect, said to the creditors of Miss Mary Holland: ''She has conveyed all her lands to Benjamin D. Turner *in trust for herself, expressly reserving that she shall be seized and possessed of such lands during her entire life*, and her trustee is only empowered under said deed to convey the same away when she shall have departed this life.'' So far as creditors were concerned, Miss Holland had so arranged her connection, and that of her trustee, with this land, that such lands could not be mortgaged or aliened during her life. Indeed, she had title united with possession of said lands under her father's deed to her therefor; and now, under her deed to Benjamin D. Turner, she had possession and title also for and during her natural life. This being so, when was there any application to Turner's possession, from Decem-

ber, 1866, up to 19th February, 1889, of the doctrine in law of possession for twenty years, open, notorious, and adverse to her creditors, giving title? Was he not her trustee all that time? And was not his possession the possession of Miss Holland? This court has recently had occasion to consider, and express the result of its consideration, of the presumption of title arising from the lapse of twenty years adverse possession, in the case of *Trustees of Wadsworthville Poor School* v. *Jennings*, 40 S. C., 168. But an examination of that decision will fail to disclose that we have have there given any countenance to the proposition contended for by the respondent here.

Equally untenable is the proposition advanced by the Circuit Judge, that the statute of limitations can be invoked successfully as a bar to plaintiff's demand for relief. The very basal rock, upon which such doctrine of the law is bottomed, is an *adverse holding*. Benjamin D. Turner, under this deed, had no *adverse holding* of these lands, so far as Miss Holland was concerned, and it is through Miss Holland that plaintiff claims, for confessedly her consent was necessary to such deed. It is admitted that if Mrs. Margaret J. Holland had held these lands, having thrown off all trusts, for a period of years sufficient for that purpose, she might have relied upon the statute of limitations, but she only acquired title on the 19th February, 1889, and this action was brought to set aside her deed on the 8th day of May, 1891, a little more than two years after she obtained her deed. It follows, therefore, that the Circuit Judge was in error.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court, for the purpose of having that court formulate a decree in favor of the plaintiff, as recommended in the report of W. M. Shannon, Esq., as special master.